Green, J.,
The matter contained in the first offer of proof must be taken in connection with the defense set forth in the defendant’s affidavit. If it was not admissible as a part of that defense, it was not admissible at all. Upon recurring to the affidavit, it is at once apparent that the whole substance of the defense grew necessarily out of a contract which the defendant, on the stand, admitted to be in writing, and, in the performance of which by the defendant, the plaintiff became indebted to the defendant in the manner set forth in the offer of proof. The only indebtedness alleged in the affidavit was claimed to be due for work done by the defendant in the execution of the terms of the contract which is there described. But no copy of that contract was set out in the affidavit of defense nor was any such copy filed, either with the affidavit or with the plea. The rule of court on the subject is so-defectively and ungrammatically written as to be almost unintelligible, but substantially it means that any instrument of writing relied upon by the defendant must be filed with the plea. It is not required to be set out, or even described, in the affidavit of defense, nor is any penalty of inadmissibility prescribed for non-compliance with the rule. But the court, in rejecting the offer, said that, to entitle the defendant to offer proof in regard to written instruments, the requirement of the rule must be observed. That is the construction put by the court upon its own rule, and we cannot say it was error. It was doubtless the meaning intended to-be conveyed by the rule, though it is not so expressed. Here is the-rule as printed in the paper book: “ Section 2. Defendant shall file with his plea sworn copies of any instrument of writing, book accounts, specify items of claim and material facts' on which he- *81 relies for his defense under oath, as required in section one of plaintiff, and file his affidavit stating what amount he verily believes he is entitled to defalk or to recover from plaintiff in said suit.” By the literal terms of this rule,, an affidavit of defense seems to be required only when the defendant desires to “ defalk or to recover from plaintiff in said suit.” If an instrument of writing, or a book account, is to be used, as we must infer, for it is not so expressed, he shall file with his plea a sworn copy, which would imply that it is only necessary to file the sworn1 copy ; but, as material facts must be averred under oath, it is a reasonable construction of the rule to infer that whatever facts are necessary to connect the instrument or account with the defense must at least be stated in writing and under oath. In the present case, therefore, we interpret this rule to mean that, if the defendant has a defense which is based upon an instrument in writing, he must, if he wants to give the instrument in evidence, at least file a sworn copy of it with his plea. As this was not done, the court below was not in error in rejecting the defendant’s offer of proof, since the defense grew out of the instrument which contained the contract of the parties. The same is true of the written order for the oil, of which no copy was filed, but which is, nevertheless, embraced in both offers of proof.
The remaining part of the second offer does not appear in the affidavit of defense at all and we must assume that it was, for that reason, not admissible.
Judgment affirmed. J. C. S.